**Habeba Faraj SHOU; et al., Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73879.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 22, 2009.

Stanley J. Riney, La Mesa, CA, for Petitioners.

CAS–District Counsel, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Lisa W. Edwards, Mark L. Gross, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Habeba Faraj Shou and her three minor children, natives and citizens of Iraq, peti-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of asylum, *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995), and review for abuse of discretion the agency's denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish past persecution or a well-founded fear of future persecution by Muslims on account of their Chaldean Christian religion because the record does not compel the conclusion that Shou's father-in-law was killed on account of his religion, and the generalized country conditions information they submitted is insufficient. *See Prasad*, 47 F.3d at 340 (holding generalized country condition information and harm to family members unconnected to petitioner insufficient to establish a well-founded fear of future persecution).

Additionally, the IJ did not abuse his discretion in denying petitioners a humanitarian grant of asylum on the basis of the 1991 incident in which Shou was assaulted by Ba'athists. *See Marcu v. INS*, 147 F.3d 1078, 1082–83 (9th Cir.1998) (In denying a claim for humanitarian asylum the agency need only set out "terms sufficient to enable [the court] . . . to see that the [it] has heard, considered, and decided.") (internal quotations and citations omitted).

**PETITION FOR REVIEW DENIED.**